## CIRCUIT COURT OF THE CITY OF WINCHESTER

Commercial & Savings Bank

v.

Brundige

December 23, 1981

Case No. (Law) 81-L-87

By JUDGE HENRY H. WHITING

As I [said] when we heard the evidence on December 15, I feel that Mr. Benham was candid and forthright in telling Mr. Brundige that neither he nor any member of his law firm could represent Mr. Brundige in establishing the requested real estate investment trusts unless Mr. Brundige agreed that the firm continue to represent The Commercial & Savings Bank against Mr. Brundige and others in its effort to collect the balances due on notes already referred to the law firm and held by its client, The Commercial & Savings Bank. I believe both Mr. Benham and Mr. Brundige discussed Mr. Brundige's endorsement of those notes and potential liability thereon, and Mr. Brundige requested Mr. Benham to proceed with representation, waiving any possible conflict. I do not believe Mr. Brundige went to Mr. Benham in an effort to compromise future representation of the bank by that law firm but purely because Mr. Benham had acquired an expertise in the organization of such trusts and Mr. Benham accepted him on that basis.

However, as so often happens in cases like this, neither party thought through the implications of the conflict, and the facts later made clear that the conflict was not potential, it was actual. Mr. Benham later acquired information about Mr. Brundige's assets which he could only have acquired in representing Mr. Brundige, and that information, if used by the law firm, might assist

the bank materially in its collection efforts either by seizing the assets or putting subtle pressure on Mr. Brundige to pay the claim to avoid disclosing the location and availability of those assets and exposing them to other creditors. The Court does not believe either Mr. Benham or Mr. Schultz would have used that information in that fashion, but the situation presents an appearance of impropriety.

That, coupled with Mr. Brundige's present objection to the continued representation of The Commercial & Savings Bank by Mr. Benham's firm, in this Court's opinion mandates the withdrawal of the firm from further representation. A suggestion that the firm withdraw *after* judgment but *before* collection efforts are begun is not believed to be sufficient to remove the appearance of impropriety. The Court does not believe DR 5-105(C) permits continued representation where the client later withdraws consent. While not directly in point, the cases counsel for Brundige has cited do suggest that a prior consent may be withdrawn, *In Re Smith*, 351 N.E.2d 1 (Ind. 1976), and even with continued consent where there is a "substantial likelihood of profound conflict, or for other policy reasons, representation is not permitted under any circumstances," *Kelly v. Greason*, 244 N.E.2d 456 (N.Y. 1968). While both those last cases are admittedly ethics violation cases, and as this Court suggested that ordinarily a trial court would not be directly concerned with suggestions of ethical violations not in the presence of the Court, if the matter of conflict is raised in the litigation and it is such as to give an appearance of impropriety and raise an issue as to whether an officer of the Court can participate in an even-handed dispensation of justice in appearances before the Court, the Court should intervene. While not the holding and merely *dictum*, *In Re Taylor*, 567 F.2d 1183 (2d Cir. 1977) at page 1191, cites a number of cases and points out that the Courts do have the duty to intervene and to "adjudicate the conflict in order to avoid even the appearance of impropriety on the part of counsel," *Id.* at 1191.

Defendant's motion to require the withdrawal of Harrison & Johnston as counsel for the plaintiff is therefore sustained.